UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALICIA MONDALE THORPE,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1314

Honorable Jane M. Beckering

**OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.)

On April 24, 2026, Respondents filed a motion to dismiss this matter because Petitioner had already filed a § 2241 petition challenging her detention which was pending in *Mondelus v.*

---

[1] Petitioner was one of thirteen petitioners named in the § 2241 petition. In an Order entered on April 22, 2026, the Court severed the claims of the petitioners into thirteen separate actions. (Order, ECF No. 4.) Petitioner's claims proceed in the present action.

*Raycraft*, No. 1:26-cv-1206 (W.D. Mich.).[2] (Mot., ECF No. 6; Br., ECF No. 7, PageID.65.) In the alternative, Respondents requested that the instant case be consolidated with *Mondelus*. (Mot., ECF No. 6; Br., ECF No. 7, PageID.67.) On May 1, 2026, Respondents submitted a status report, which stated that Petitioner was removed from the United States to Jamaica on April 30, 2026, and that Petitioner was no longer in the custody of Respondents. (Status Report., ECF No. 10, PageID.72.) In this status report, Respondents again requested that the Court dismiss this case. (*Id.*)

## II.     Relevant Factual Background

In *Mondelus*, the Court summarized the relevant factual background as follows:

> Petitioner is a citizen of Jamaica who entered the United States in 1996 on an H4 visa for a temporary period not to exceed June 7, 2005. Petitioner remained in the United States following the expiration of her visa.
>
> On January 15, 2026, ICE agents arrested Petitioner. A bond hearing was held by the Detroit Immigration Court on January 30, 2026, at which time an Immigration Judge denied Petitioner's request for bond, stating, "Danger and flight risk." Thereafter, on April 3, 2026, Petitioner was "granted pre-conclusion voluntary departure under the [INA] in lieu of removal."

Op., *Mondelus*, (W.D. Mich Apr. 28, 2026), (ECF No. 1, PageID.64) (citations omitted).

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing

---

[2] The Petitioner's surname in *Mondelus v. Raycraft*, No. 1:26-cv-1206 (W.D. Mich.), is not identical to Petitioner's surname in the instant petition, but other identifying facts, such as Petitioner's "A number," are identical, indicating that the petitioner in both cases is the same person. (*see* Pet., ECF No. 1, PageID.2); Pet., *Mondelus*, (W.D. Mich. Apr. 14, 2026), (ECF No. 1). Indeed, although Petitioner's name in the instant case is listed as "Alicia Mondale Thorpe," her signature on the petition appears to say "Alicia Mondelus." (Pet., ECF No. 1, PageID.2, 8.)

In *Mondelus*, the Court denied Petitioner's § 2241 petition without prejudice because Respondents conceded that Petitioner's detention was governed by 8 U.S.C. § 1226. Op. & J., *Mondelus*, (W.D. Mich. Apr. 28, 2026), (ECF Nos. 10, 11).

U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.) After initiating this action, Petitioner was removed from the United States to Jamaica and is no longer in Respondents' custody. (Status Report., ECF No. 10, PageID.72.)

Because the relief sought in Petitioner's § 2241 petition related to her detention, and she is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[3]

---

[3] The resolution of this case, as set forth in this Opinion, moots Respondents' pending motion to dismiss.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        May 19, 2026                      /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge

4